IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD LOUIS NEAULT, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-341-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| WARDEN RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are the following Motions: Respondent's Motion to Dismiss without Prejudice (Docket No. 22), Petitioner's Motion to Strike Motion to Dismiss without Prejudice (Docket No. 27), Petitioner's Motion for Ex Parte Order (Docket No. 28), Petitioner's Motion to Supplement (Docket No. 33), Petitioner's Motion for Default Judgment (Docket No. 35), Respondent's Motion for Summary Dismissal Based on Procedural Default (Docket No. 37), and Petitioner's Motion for Extension of Time to File Response to Motion to Dismiss (Docket No. 39).

MEMORANDUM ORDER  1

The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket Nos. 11, 14, & 15).  Having reviewed the record in this case, the Court concludes that oral argument is unnecessary.  Having considered the briefing of the parties and the state court record, the Court enters the following Order.

## I.

## PENDING  MOTIONS

### A.     Docket Nos. 22 and 27

Respondent concedes that his previous Motion to Dismiss without Prejudice (Docket No. 22) has been mooted by his later-filed Motion for Summary Dismissal Based on Procedural Default (Docket No. 37).  Therefore, the previously-filed Motion to Dismiss is deemed moot.  Similarly, Petitioner's Motion to Strike Motion to Dismiss without Prejudice (Docket No. 27) is moot, because the first Motion to Dismiss is no longer at issue.

### B.     Docket No. 28

Petitioner's Motion for Ex Parte Order (Docket No. 28) asserts that the Boise Police Department, Ada County Deputies, Ada County Public Defenders, Ada County Prosecutors Office, the state court judges, and the victim all violated Petitioner's rights under the Americans with Disabilities Act.[1]  Petitioner requests that the Court notify the Attorney General and Justice Department of his claims.  Petitioner misconstrues the

---

[1] Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. §12101, *et seq*. (Title I), § 2132, *et seq*. (Title II), §12181, *et seq*. (Title III).

MEMORANDUM ORDER  2

ADA.  Petitioner has not filed An ADA complaint in this Court.  Petitioner has filed a habeas corpus action.  Violation of the ADA is not a ground for federal habeas corpus relief when challenging a conviction.  *See Bell v. Cockrell*, 310 F.3d 330, 334 (5th Cir. 2002) (the ADA "neither addresses the imposition of criminal penalties, nor does it suggest that mentally disabled Americans should be treated differently from other Americans who commit crimes").  As a result, Petitioner's Motion is denied.

**C.     Docket No. 33**

Petitioner has also requested that he be permitted to supplement the record to include two documents "that prove the State's case was manufactured and worthless." (Docket No. 33).  Petitioner wishes to submit two felony guilty plea questionnaire forms that are not file stamped.  Petitioner asserts that a comparison of these forms and the form in the record will show that Petitioner could not have completed the form in the record by himself because he was mentally ill.

Respondent argues that he has submitted a file-stamped copy of the questionnaire (*State's Exhibit A-1*, at pp. 61-65), proving it is the one considered by the state trial court, and that Petitioner is not entitled to present new evidence in federal court absent a showing that he meets the threshold standard of 28 U.S.C. § 2254(e)(2).

The Court agrees with Respondent that the documents Petitioner wishes to present appear to be Petitioner's drafts that he may have completed prior to the actual form that was filed with the state court.  However, the Court notes that Petitioner's "draft" forms may be relevant to the issue of cause and prejudice.

MEMORANDUM ORDER  3

The Court may expand the record under Rule 6 of the Rules Governing § 2254 cases with items not presented to the state court that are relevant to the issues of cause and prejudice.  Several federal courts facing this issue have determined that, when the petitioner is requesting discovery *to prove the merits of a claim*, § 2254(e)(2) applies, but when the petitioner is requesting discovery *to show cause and prejudice or a miscarriage of justice*, such a request likely "does not implicate § 2254(e)(2)" and may "establish[] 'good cause' under Rule 6."  *Charles v. Baldwin*, 1999 WL 375591, at *2 (D.Or. 1999), *aff'd on recons.*, *Charles v. Baldwin*, CV-97-380-ST, 1999 WL 694716 (D. Or. 1999), *aff'd on appeal in unpub. op.*, *Charles v. Baldwin*, 2002 WL 31395774 (9th Cir. 2002); *see also Cristin v. Brennan*, 281 F.3d 404, 418-19 (3rd Cir. 2002) (there is "no indicia that Congress intended § 2254(e)(2)'s restrictions on evidentiary hearings to apply, in addition to hearings on the merits, to hearings on excuses to procedural default); *accord Sibley v. Culliver*, 377 F.3d 1196 (11th Cir. 2004); *see generally Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (acknowledging but declining to address the issue of whether § 2254(e)(2) governs a request for a hearing on actual innocence).

The Court agrees with the Oregon District Court and the Third and Eleventh Circuits that a petitioner does not have to satisfy § 2254(e)(2) if the issues at hand are cause and prejudice and actual innocence as excuses for procedural default.  Consequently, Petitioner shall be entitled to expand the record with his forms for these purposes only.

**D.    Docket No. 35**

MEMORANDUM ORDER  4

Petitioner has also filed a Motion for Default Judgment (Docket No. 35). Respondent was entitled to file an answer or a pre-answer motion in this case, as set forth in the Court's Initial Review Order. Petitioner's Motion for Default Judgment shall be denied, as it has no legal basis. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases").

**E.     Docket No. 39**

Petitioner has requested a 30-day extension of time within which to file a response to the pending Motion to Dismiss, based on the fact that he had a 10-day illness that prevented him from working on his case. Good cause appearing, the Court shall grant Petitioner an extension of time through August 1, 2006, in which to file a response.

**II.**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss without Prejudice (Docket No. 22) is MOOT.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Strike Motion to Dismiss without Prejudice (Docket No. 27) is MOOT.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Ex Parte Order (Docket No. 28) is DENIED.

MEMORANDUM ORDER  5

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Supplement (Docket No. 33) is GRANTED for the limited purpose set forth above.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Default Judgment (Docket No. 35) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Extension of Time (Docket No 39) is GRANTED.  Petitioner shall have through **August 1, 2006**, in which to file a response.



DATED:  **July 7, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge

MEMORANDUM ORDER  6