IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | | |
|---|---|---|
| RICHARD LOUIS NEAULT, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-341-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| WARDEN RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  Pending before the Court in this habeas corpus action is Respondent's Motion for

Summary Dismissal (Docket No. 37).  The parties have consented to the jurisdiction of a

United States Magistrate Judge to enter final orders in this case (Docket Nos. 11, 14, &

15).  The Court previously gave Petitioner the opportunity to file a supplemental response

to the pending Motion for Summary Dismissal.  Petitioner has done so (Docket No. 43).

Having reviewed the arguments of the parties and the record in this case, the Court enters

the following Order.


MEMORANDUM ORDER  1

# I.

## MOTION FOR SUMMARY DISMISSAL

### A.    Background

Petitioner pled guilty to and was convicted of felony domestic violence in the Fourth Judicial District Court, in Ada County, Idaho.  On November 17, 2004, the Court entered a judgment of conviction, sentencing Petitioner to three years fixed, with seven years indeterminate.  *See State's Exhibit A-1*, at pp. 60-76.

Petitioner did not file a direct appeal after conviction.  He filed a Rule 35 motion for reduction of sentence, a motion for correction of sentence, and a motion to reconsider the denial of his motion for reduction of sentence.  The state district court denied all of his motions.  Petitioner did not appeal the denial of the motions.  *See State's Exhibit A-1*, at pp. 86-135).  He alleges that he did not receive a copy of the order denying relief in time to file an appeal.  Petitioner did not file a post-conviction action in state court and acknowledges that the time limit for doing so has expired.  *See Respondent's Brief*, at p. 2 n.1 (Docket No. 37-2); *Affidavit of Petitioner* (Docket 35, Exhibit 2, at p. 2).

Here, Petitioner asserts that he did not receive a *Miranda* warning in violation of the Fifth Amendment, that his Eighth Amendment right to proper medical treatment while incarcerated was violated, and that his Sixth Amendment right to effective assistance of counsel was violated.  Petitioner now also asserts that he was incompetent at the time he pled guilty.  The issues now before the Court are whether Petitioner's claims are

MEMORANDUM ORDER  2

procedurally defaulted and, if so, whether he can show cause and prejudice or a

miscarriage of justice to allow the Court to hear his claims.

**B.      Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court."   In such case, the Court construes the facts in a light most favorable to the

petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of

facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281

(9th Cir. 1986).  A court may look beyond the complaint to matters of public record, and

doing so does not convert a motion for summary dismissal into a motion for summary

judgment.  *Id.*   Accordingly, the Court shall take judicial notice of those portions of the

state court record lodged by the parties.

The Court has also allowed Petitioner to file certain exhibits for the purpose of

procedural default only, not for proving his case on the merits.  The Court has reviewed

those items, which consist of two felony guilty plea questionnaire forms that are not file-

stamped.  Petitioner asserts that a comparison of these forms with the form in the record

will show that he could not have completed the form in the record by himself because he

was mentally ill.  Respondent argues that he has submitted a file-stamped copy of the

questionnaire (*State's Exhibit A-1*, at pp. 61-65), proving it is the one considered by the

state trial court.  The Court agrees with Respondent that the documents Petitioner wishes

MEMORANDUM ORDER  3

to present appear to be drafts that he completed prior to the actual form that was filed with the state court. The Court will consider these draft documents if relevant to the procedural default issue.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts, and it is now too late to do so; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho

MEMORANDUM ORDER  4

courts, as discussed directly above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.[1]

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is

---

[1] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a

petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506

U.S. 390, 404 (1993).    Where the petitioner pled guilty and did not have the evidence in

his case evaluated by a jury, he must show that, based on all of the evidence, "it is more

likely than not that no reasonable juror would have found Petitioner guilty. . . ."  *Van*

*Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S.

298, 327 (1995).  Types of evidence "which may establish factual innocence include

credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340

(1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory

scientific evidence."  *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

**C.**    **Discussion**

1.    <u>Procedural Default</u>

It is clear from the record that Petitioner has never presented any of his claims to

the Idaho Supreme Court.  The parties also agree that any of Petitioner's claims would

now be time-barred in the state courts if he returned there to try to exhaust them.  *See*

*State's Brief*, at p.3 (Docket No. 37-2); *Affidavit of Petitioner*, at p. 2 (Docket No. 35-2).

As a result, the Court concludes that Petitioner's claims are procedurally defaulted. The

Court now considers Petitioner's arguments on cause and prejudice or miscarriage of

justice.

2.     Cause and Prejudice

      a.     *mental illness at time of guilty plea*

Petitioner first asserts that his plea was not knowing, intelligent, or voluntary.  He alleges that he was nearly comatose because of his medications, and that a psychological evaluation should have been performed.  He also alleges that he was mentally impaired and classified as a disabled person at the time of his arrest and guilty plea.  In support of this argument, he has submitted drafts of the guilty plea questionnaire form he completed at the time of the change of plea.

This argument and the corresponding exhibits address the merits of his fourth claim, not a cause and prejudice argument as to why the claim was not presented to the Idaho courts.  Petitioner does not assert, nor does he present, any other evidence that he was so mentally ill during the time period when he should have exhausted his state court remedies that he could not have done so.  As a result, this argument fails.

The state court record shows that Petitioner filed many motions regarding his conviction and sentence including a Motion to Cease and Desist the Disposal of Defendant's Property, a Motion for Appointment of Counsel, a Motion for Hearing, two Motions for Correction or Reduction of Sentence, a Motion for Disclosure of All Documents and Tangible Evidence, a Motion for Clarification or Reconsideration, a Motion for Court to Grant Defendant Use of a Typewriter, and a Motion to Access Defendant's E-Mail Account.  *State Court Record*, Exhibit A-1, at pp. 77- 121.  These

MEMORANDUM ORDER  7

filings contradict Petitioner's contention that he was so mentally ill that he was unable to file a direct appeal or post-conviction case to exhaust his state court remedies.

        *b.*    *ineffective assistance of counsel*

Petitioner asserts that his attorney did nothing to help him prior to the guilty plea. This argument does not address the time period after conviction when Petitioner should have presented his claims to the state courts.  Even if Petitioner is asserting that his attorney did nothing to help him file a direct appeal, the law is clear that ineffective assistance of counsel cannot serve as cause for the default of another claim unless the ineffective assistance of counsel claim is not itself procedurally defaulted or cause and prejudice for the default of the ineffective assistance claim can be shown.  See *Edwards v. Carpenter*, 529 U.S. 446 (2000).   Because any ineffective assistance of counsel claim is also procedurally defaulted, Petitioner may not bring that argument here to excuse his procedural default.

Petitioner also appears to argue that denial of counsel altogether in a post-conviction matter should be deemed cause and prejudice.  Petitioner admits that he did not try to appeal at all; therefore, this argument does not apply to direct appeal, where counsel is a constitutional requirement.  As for Petitioner's other post-conviction efforts, the law is clear that Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Consequently, any shortcomings of his counsel during the post-conviction action cannot

MEMORANDUM ORDER  8

serve as a basis for cause to excuse Petitioner's procedural default of his other federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

        c.     *lack of access to courts*

Petitioner alleges that the lack of a prison law library and a trained legal aide to assist him denied him access to the courts. However, Petitioner has made no factual allegations that he actually attempted to use the prison legal resource system and was unable to do so, that he complained to prison officials about the lack of a law library to help him exhaust his state remedies, or that he had any intention of pursuing his remedies or made any effort whatsoever to do so. Under these circumstances, Petitioner's allegation of lack of access to a law library is too vague to constitute cause or prejudice. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994). In addition, Petitioner's many filings, detailed above, show that he was not unable to pursue state court remedies during the relevant time period.

        d.     *the state court judge told Petitioner he could not file a direct appeal*

Petitioner alleges that his failure to file an appeal should be excused because the judge told him that there was no direct appeal after a plea of guilty. The parties have not filed the transcript of the change of plea hearing or the sentencing hearing. Therefore, the Court will conditionally dismiss Petitioner's Petition, and require Respondent to submit these records. Thereafter, the Court will determine whether this constitutes cause for the failure to properly exhaust his claims.

MEMORANDUM ORDER  9

      e.     *conspiracy of attorneys and judge*

Petitioner asserts that the public defender, prosecuting attorney, and the judge conspired in failing to give him the court's order dismissing his first Rule 35 motion until after the appeal time expired.   The county public defender and county prosecutor are listed on the February 23, 2005, mailing certificate of the order denying Petitioner's first Rule 35 motion.  *State Court Record*, Exhibit A-1, at pp. 92-95.  There is nothing in the record suggesting that the failure of the public defender to provide Petitioner with a copy of the order was anything other than mere negligence.   Petitioner's address is listed on the May 4, 2005, mailing certificate of the state court order denying his second Rule 35 motion.  *Id.* at pp. 132-134.  The mailing of the second order, which discusses the denial of the first motion and was mailed within 90 days of the first order, tends to show that there was no conspiracy to fail to provide notice of the order to Petitioner, and that Petitioner still had ample time to file a state post-conviction petition after receiving the order.[2]

---

[2]  That Petitioner was not able to appeal the Rule 35 motion is inconsequential here.  It did not affect his ability to file for post-conviction relief in state court, which was the proper avenue to remedy some of his claims, and he asserts that the judge told him he could not appeal his conviction and sentence, and therefore, the Rule 35 dismissal does not affect his argument that his direct appeal was thwarted by other means.

Further, there is nothing to show that Petitioner could have prevailed on an excessive sentence claims on federal habeas corpus review.  His sentence was not beyond the statutory maximum.  United States Supreme Court precedent does not support Petitioner's argument of a constitutionally excessive sentence.  *See Hutto v. Davis*, 454 U.S. 370, 372 (1982) ("this Court has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment"); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine).  In

MEMORANDUM ORDER  10

Petitioner also argues that the district court judge told him to seek habeas corpus relief, which prevented him from pursuing state court remedies.  The judge's order actually referred to habeas corpus relief for *conditions of confinement*, which is s state claim; there is nothing in the order that can be construed as the judge advising petitioner to file a federal habeas corpus relief for a challenge to a conviction or sentence.  *State Court Record*, Exhibit A-1, at pp. 133-34.  The order also informed Petitioner that he could file a post-conviction relief proceeding, *see id.* at p. 134; it is this proceeding that would have exhausted Petitioner's claims. This Court sees no reason to allow Petitioner to rely on only one part of the state court order to constitute cause for the default of his claims.

Petitioner argues that exhausting his state court remedies by appealing from the Rule 35 motions was futile, because no sentence within the statutory maximum limit will be disturbed unless the appellant can show a clear abuse of discretion.  A high legal standard does not equal futility.  Therefore, this argument does not constitute cause for the default of his claim.  And, as noted in the footnote, his excessive claim fails on the merits on habeas corpus review.

---

*Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court held that a sentence for stealing videotapes that produced a 25-year sentence under the three strikes law was not a violation of Eighth Amendment.  The Court held that the state court decision was not "contrary to" or an "unreasonable application" of "clearly established" gross disproportionality principle set forth by *Rummel*, *Solem* and *Harmelin* and thus did not warrant federal habeas relief.  *Id*. at 64-65; *see* 28 U.S.C. § 2254(d)(1) (standard for habeas corpus relief).  *See also Ewing v. California*, 518 U.S. 123 (2003) (affirming sentence of 25 years to life for stealing three golf clubs that produced a 25-year sentence under three strikes law) (plurality opinion).

MEMORANDUM ORDER  11

**D.      Conclusion**

The Court rejects all of Petitioner's arguments in support of cause and prejudice with the exception of the argument that the state trial judge told Petitioner that he could not file a direct appeal.  Petitioner has not made a miscarriage of justice or actual innocence argument.

As a result of the foregoing, the Court will conditionally grant Respondent's Motion to Dismiss and order Respondent to produce a copy of the sentencing transcript to supplement the State Court Record.  After a review of that transcript, the Court will then determine whether to enter a final dismissal, or allow Petitioner to proceed.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 37) is CONDITIONALLY GRANTED.

IT IS FURTHER HEREBY ORDERED that Respondent shall lodge a copy of the sentencing hearing transcript with the Clerk of Court.  Thereafter, the Court shall determine whether Petitioner's argument that the trial court told him there was no appeal from his judgment has any basis in fact.



DATED:  **March 27, 2007**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

MEMORANDUM ORDER  13